# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN REGELMAN, | ) |
|               Plaintiff, | ) Civil Action No. 10 - 675 ) ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) |
| KAREN WEBER, Probation Officer, Allegheny County Adult Probation (Downtown); ALLEGHENY COUNTY JAIL and ALLEGHENY CORRECTIONAL HEALTH SERVICES, | ) ) ) ) ) ) |
|               Defendants. | ) ) |

## MEMORANDUM ORDER

Plaintiff, a prisoner at the Allegheny County Jail, commenced this action on May 17, 2010 pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the following Defendants: Karen Weber, Probation Officer, Allegheny County Adult Probation; Judge Mariani; Allegheny County Jail (Allegheny County Defendants); and Allegheny Correctional Health Services (ACHS) (Medical Defendant). Judge Mariani was terminated from the case on August 9, 2010. Plaintiff filed an original complaint (ECF No. 9), an Amended Complaint (ECF No. 12), a Supplemental Complaint (ECF No. 13) and another Amended Complaint (ECF No. 14). In these pleadings, Plaintiff claims a violation of his due process rights under the 14th Amendment when he allegedly was improperly held in the Allegheny County Jail on three separate occasions without Gagnon Hearings. In addition, he alleges an Eighth Amendment violation for inadequate medical care. Specifically, Plaintiff claims that when he was arrested on June 5, 2009, he told the intake officers that he was scheduled for minor heart surgery (insertion of a heart defibrillator) on June 8, 2009 at the UPMC Presby Hospital. Because he was kept in jail until June 18, 2009, he missed the surgery, which was not performed

until September 22, 2009. Plaintiff claims that he should have been transported from the ACJ to the place where his procedure was scheduled.

Standard of Review

On October 26, 2010, Defendants Karen Weber and the Allegheny County Jail filed a Motion to Dismiss (ECF No. 28). On October 27, 2010, Defendant Allegheny Correctional Health Services (ACHS) filed a Motion to Dismiss (ECF No. 30). Pursuant to Fed. R. Civ. Proc. 12(b)(6), in deciding a motion to dismiss, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S.

at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983.'" Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).[1] It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable

---

1. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

## B. The Mandatory Exhaustion Requirement

The Allegheny County Defendants first argue that Plaintiff's claims must be dismissed because he failed to have exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing a civil action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement set forth in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the court of appeals announced a bright-line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66.

A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated exhaustion of all available administrative remedies, regardless of the relief offered through those administrative procedures. In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

With respect to Defendant Karen Weber, the exhaustion requirement discussed above simply does not apply to Plaintiff's allegations against her. Specifically, Plaintiff asserts that she issued and/or signed false arrest warrants and/or probation detainers when she should have known that Plaintiff was not on probation at the relevant time periods. Thus, he is complaining about the very fact of confinement, not the conditions of confinement, and the PLRA does not apply to such claims. Thus, Defendant Karen Weber has not shown that she is entitled to dismissal of the claims against her

based on Plaintiff's failure to have complied with the PLRA exhaustion requirement. Consequently, Defendants' Motion to Dismiss will be denied as to Defendant Weber in her individual capacity.[2]

With regard to the ACJ, Plaintiff can not state a claim upon which relief may be granted notwithstanding any failure to exhaust. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Thus, the remaining claims are discussed below

### C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

---

2. To the extent that Plaintiff is asserting claims against Defendant Weber in her official capacity, she is immune from liability for such claims. Defendant Weber is a probation officer in the Allegheny County Adult Probation Office. The Allegheny County Department of Adult Probation is part of the Unified Judicial System of Pennsylvania, and, as such, is a state entity. First Judicial Dist. v. Pennsylvania Human Relations Comm'n, 556 Pa. 258, 727 A.2d 1110, 1112 (Pa. 1999). A suit against a state official in her official capacity is deemed a suit against the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The withdrawal of jurisdiction in the Eleventh Amendment confers upon Pennsylvania immunity from suit in the federal courts. The Commonwealth of Pennsylvania has not waived its grant of sovereign immunity under the Eleventh Amendment. Thus, Plaintiff's claim against Defendant Weber in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

1. ACJ

Plaintiff seeks to impose liability against the Allegheny County Jail (ACJ). A prison or correctional facility is not a person within the meaning of § 1983. *See* Jones v. Luzerne County Correctional Facility, Civil No. 10-359, 2010 WL 3338835, 3 (M.D. Pa. Aug. 23, 2010) (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) and Sponsler v. Berks County Prison, Civ. No. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb.28, 1995)). In this regard, the ACJ is part of Allegheny County; it has no separate existence. Thus, Plaintiff's claim will be construed as asserting liability against Allegheny County.

In this regard, in Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of respondeat superior. Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury. Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered. *Id*. In Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), the Court further clarified that "municipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official

or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. at 483 (citation omitted).

Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation. In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, the County cannot be liable for any constitutional deprivations suffered by Plaintiff unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, 489 U.S. at 385. The Supreme Court has instructed that "policy" is made when a decisionmaker possessing final authority over the subject matter issues an official proclamation, policy, or edict. Pembaur, 475 U.S. at 481. Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Monell, 436 U.S. at 690. *See also* Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

In the case at bar, Plaintiff has not identified any policy or custom attributable to the County. In this regard, Plaintiff has not set forth any evidence of any similar incidents that have occurred in the past, save for the one in which he was involved, to prove some pattern of conduct that could establish a custom or policy. It is well settled that a single incident of unconstitutional behavior, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal

liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); City of Oklahoma v. Tuttle, 471 U.S. 808, 822 (1985); Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of the incident at issue, plus vague assertions about the police department's failure to investigate other wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of section 1983). Thus, Plaintiff's allegations are insufficient to state a claim upon which relief may be granted against Allegheny County. Moreover, based on the discussion below, it would be futile to allow Plaintiff leave to amend his complaint. Consequently, the Motion to Dismiss will be granted as to the ACJ.

    2.    Allegheny Correctional Health Services, Inc.

Just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See, e.g.*, Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (noting that every circuit court to consider the issue has extended the holding in Monell to private corporations as well) (citing cases). *Accord* Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996); Baker v. Simmons, 65 Fed. App'x 231 (10th Cir. May 6, 2003). Consequently, in order to assert a claim against ACHS, Plaintiff must show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with "final authority to establish municipal policy." Pembaur, 475 U.S. at 480-81. As stated above, he makes no such claim. Moreover, Plaintiff's claim that he was not transferred out of the prison for his scheduled heart defibrillator surgery does not state a constitutional violation.

Assuming Plaintiff was a pre-trial detainee at the relevant time period, his claims invoke the protections of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979).

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, we think that the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Id*. at 535 (citations omitted).

In Bell, the Supreme Court announced the following test for determining whether the conditions of confinement for pre-trial detainees violated the Fourteenth Amendment.

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

Bell v. Wolfish, 441 U.S. at 538-539 (internal quotations and citations omitted).

The Court of Appeals for the Third Circuit recently reviewed this standard in Hubbard v. Taylor, 399 F.3d 150, 158-159 (3d Cir. 2005). In Hubbard, the Court of Appeals acknowledged that Bell required the courts to engage in a two-step analysis:

> we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them. Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution.

Hubbard, 399 F.3d at 159 (internal quotations and citations omitted).

Using this analysis, it is clear that Plaintiff's allegations do not rise to the level of a constitutional violation under the Fourteenth Amendment. It can not be said that refusing to transport a prisoner to a scheduled hospital appointment amounted to punishment. Under the two-part inquiry, ACJ's legitimate governmental purpose is to provide adequate housing for prisoners awaiting trial on criminal charges and to protect the public from any danger from such persons. Refusing to transport prisoners to doctor's offices is rationally related to this legitimate governmental purpose as it puts the general population at great risk of harm. Plaintiff makes no allegation that such procedure constituted a medical emergency, which is belied by his assertion that the procedure was scheduled in advance. Nor does he make any allegation that the ACJ and/or ACHS was aware, or should have been aware, of any emergency need to ensure that Plaintiff's defibrillator was inserted on that date. Thus, there is no basis to conclude that refusing to transport Plaintiff to an offsite public facility showed an intent to unlawfully punish him. At most, it may demonstrate an unintentional failure to anticipate his needs. This sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983.

The Supreme Court repeatedly has made it patently clear that negligence claims cannot support liability under section 1983. *See, e.g.,* County of Sacramento v. Lewis, 523 U.S. 833, 118

S.Ct. 1708, 1720 (1998) (motorcyclist's death that resulted from high-speed police chase was not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).[3]

      Moreover, the Court of Appeals for the Third Circuit has instructed that, even though the constitutional protections afforded prisoners and pre-trial detainees against inadequate medical care arise from different textual sources, the standards governing the provision of medical care to each class are similar. Specifically, the Court of Appeals has recognized that the Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner. Navolio v. Lawrence County, Civil No. 10-1820, 2011 WL 162059, 3 (3d

---

3. *See also* Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (holding that, even if defendants knew about the allegedly hazardous field condition and purposefully ignored it, the plaintiff would not be entitled to relief as his allegations, at most, asserted negligence); Rocheleau v. Cumberland County Sheriff's Dept., 733 F. Supp. 140 (D. Me. 1990) (holding that inmate's complaint that he sustained injuries when he tripped on open floor drain, hit jail wall and broke his nose failed to state § 1983 claim; complaint alleged nothing more than mere negligence on part of prison officials and did not allege either deliberate or conscious indifference).

Cir. Jan. 19, 2011) (quotations omitted). Thus, courts analyze inadequate medical care claims by pretrial detainees under the Eighth Amendment standard. *Id*.

In this regard, the Eighth Amendment imposes a duty to provide convicted prisoners with medical treatment for their serious medical needs. Gamble v. Estelle, 429 U.S. 97 (1978). In the context of a claimed denial of medical treatment, a plaintiff must prove two elements: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Gamble, 429 U.S. at 97.

The general standard for a § 1983 deliberate indifference claim made against a prison official focuses on what the official actually knew: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In the context of a deliberate indifference claim based on failure to provide adequate medical treatment, it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation."). Moreover, "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' " Gamble, 429 U.S. at 105. Deliberate indifference requires obduracy and wantonness, Whitley v. Albers, 475 U.S. 312, 319 (1986), which equals recklessness or a conscious disregard of a serious risk. Farmer, 511 U.S. at 842.

Deliberate indifference can be shown where the prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; or 2) delays necessary medical treatment

13

based on a non-medical reason. Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987)). Deliberate indifference also may be found where the prison official persists in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Napoleon, 897 F.2d at 109-11.

Here, Plaintiff's allegations, accepted as true, do not allege deliberate indifference based on a delay of 106 days from June 8, 2009 when his procedure allegedly was scheduled, until September 22, 2009, when he claims that it was performed. A delay in providing medical care does not show deliberate indifference unless it was motivated by non-medical factors, Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) **and** such denial exposes the inmate to undue suffering or the threat of permanent injury. Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

Here, Plaintiff was not transported to his scheduled appointment due to legitimate governmental concerns in ensuring public safety. Moreover, Plaintiff's allegations fail to allege that he suffered any identifiable injury due to the short delay in his procedure. Doctors cancel and change appointments all the time without violating patients' constitutional rights. Thus, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Consequently, the motions to dismiss Plaintiff's claims against Defendants ACJ and ACHS will be granted. An appropriate order follows.

**AND NOW**, this 21st day of March, 2011;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Karen Weber and the Allegheny County Jail (ECF No. 28) is **GRANTED EXCEPT** as to Plaintiff's claims against Karen Weber in her individual capacity.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Allegheny Correctional Health Services (ECF No. 30) is **GRANTED**.

**AND IT IS FURTHER ORDERED** that Plaintiff"s Motion for Subpoena of medical records (ECF No. 58) is **DENIED** as Plaintiff has failed to state a claim of inadequate medical care.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: John Regelman
#81666
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219

all counsel of record